## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**SLA MANAGEMENT LLC,**

    **Plaintiff/Counter-Defendant,**

**v.**                                              **Case No:   6:15-cv-354-Orl-31GJK**

**DENNIS LEVY,**

    **Defendant/Counter-Plaintiff.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss Counterclaim (Doc. 12) filed by the Plaintiff/Counter-Defendant, SLA Management LLC ("SLA"). The deadline for filing a response has passed, but the Defendant/Counter-Plaintiff, Dennis Levy ("Levy"), has not responded.

### I.     Background

SLA is the former employer of Levy. SLA terminated Levy's employment in 2014. In its complaint (Doc. 1), SLA alleges, among other things, that Levy violated the Computer Fraud and Abuse Act by deleting certain files from his computer before returning it to SLA, and that he has breached a confidentiality and non-compete agreement. Levy's answer contains three counterclaims. In his third counterclaim, which is the subject of the instant motion, Levy alleges that SLA failed to reimburse him for expenditures incurred as a result of his work.

### II.    Legal Standard

In deciding whether to grant a motion to dismiss, courts must examine only the pleadings and attached exhibits, and construe any allegations in the light most favorable to the non-movant.

*Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To defeat a motion to dismiss, the non-movant's factual allegations must cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). Mere recitation of the elements in a cause of action is insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007).

### III. Analysis

In his third counterclaim, Levy does not assert that his entitlement to reimbursement for work-related expenditures arises out of an employment contract, state or federal law, or anything else. Accordingly, the Court concludes that, as to his third counterclaim, Levy has failed to state a claim upon which relief may be granted, and dismissal is appropriate.

### IV. Conclusion

It is hereby

**ORDERED** that the Motion to Dismiss Counterclaim (Doc. 12) filed by Plaintiff/Counter-Defendant is **GRANTED**, and the Defendant's third counterclaim is **DISMISSED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 18, 2015.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party